**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Jessica Purslow, | : |
| | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Carter Business Service, Inc.; and DOES 1-10, | : **COMPLAINT** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff, Jessica Purslow, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Jessica Purslow ("Plaintiff"), is an adult individual residing in Rochester, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Carter Business Service, Inc. ("Carter"), is a Massachusetts business entity with an address of 150 Andover Street, Suite 12A, Danvers, Massachusetts 01923, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Carter and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Carter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Carter for collection, or Carter was employed by the Creditor to collect the Debt.

10.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Carter Engages in Harassment and Abusive Tactics

11.     On or about May 29, 2014, "Curtis Nelson", a Carter collector, called Plaintiff in an attempt to collect the Debt.  Nelson failed to disclose that he was calling from Carter.

12.     Plaintiff explained to Nelson that she was disabled and homeless, and therefore could not pay the Debt at that time.

13.     In response, Nelson laughed at Plaintiff.

14.     Plaintiff asked Nelson what was so funny.  Nelson laughed again and said, "nothing".

15.     Plaintiff suffers from post traumatic stress disorder and depression, and was significantly upset by Nelson's behavior.

### C. Plaintiff Suffered Actual Damages

16.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the name of the debt collection agency.

21.     Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant spoke with Plaintiff in an abusive manner.  A debt collector's actions violate this section if their natural consequence is to abuse the hearer. *See Tedeschi v. Kason Credit Corp.*, 2014 WL 1491173, at *5 (D. Conn., Apr. 15, 2014).

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple

violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 14, 2014

Respectfully submitted,

By ___/s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

4