**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jessica Purslow,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Carter Business Service, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No. 1:14-CV-12991-JGD |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jessica Purslow ("Purslow"), through undersigned counsel, hereby respectfully submits this Opposition to the Motion for Summary Judgment filed by Defendant Carter Business Service, Inc. ("Carter").

Carter has filed a shotgun motion for summary judgment prior to any discovery. The motion is based on the affidavit of the president of the company who testifies (1) to matters outside his personal knowledge; and (2) on matters Purslow has not had an opportunity to discover.

The motion should be denied. First, Carter failed to confer pursuant to Local Rule 7.1, a prerequisite to any motion in this District. Second, the motion violates Fed. R. Civ. P. 56(e); the supporting affidavit is not based on personal knowledge nor does it establish that the affiant is credible to testify on the matters asserted therein. Alternatively, Plaintiff requests, pursuant to Fed. R. Civ. P. 56(d), that the Court defer ruling on the motion until the close of discovery so that Plaintiff has the opportunity to challenge the factual assertions raised by Carter.

**BACKGROUND**

Purslow allegedly incurred a financial obligation ("the Debt") to an original creditor. The Debt was thereafter purchased, assigned or transferred to Carter for collection. On or about May 29, 2014, a Carter collector called Purslow in an attempt to collect the Debt. The violations of the FDCPA at issue in this case stem from that call.

Plaintiff initiated this action on July 14, 2014. (Doc. No. 1). On September 2, 2014 Carter filed its Answer. (Doc. No. 4). On September 4, 2014, the Court filed an Order directing the parties to confer pursuant to Rule 26 and setting the Scheduling Conference for October 8, 2014. (Doc. No. 5). On September 29, 2014, before any discovery had been conducted and before the parties had even conferred regarding a discovery schedule, Carter filed its Motion for Summary Judgment ("Carter's Motion"). (Lemberg Decl.[1] at ¶¶4-5; Doc. No. 7).

**ARGUMENT**

**I.   SUMMARY JUDGMENT STANDARD**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the

---

[1] "Lemberg Decl." refers to the Declaration of Sergei Lemberg submitted in support of this opposition.

non-moving party and make all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

### A.     Carter's Motion Should be Denied Pursuant to Local Rule 7.1

As a threshold matter, Carter's Motion should be denied because Carter's counsel failed to comply with Local Rule 7.1 before filing the Motion. Local Rule 7.1 provides, in relevant part, that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The purpose of Rule 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court. *Converse Inc. v. Reebok Int'l Ltd.*, 328 F. Supp. 2d 166, 170 (D. Mass. 2004). Indeed, the rule was designed primarily for the benefit of an overburdened District Court, because it forces the parties to present issues for resolution by the Court only where agreement is not possible after good faith consultation. *Id.* at 171. Rule 7.1 does not have a "no harm, no foul" escape clause when the rule is not complied with. *Id.* at 170.

Here, Carter's counsel did not confer with Purslow's counsel pursuant to Local Rule 7.1. Instead, in response to an email regarding possible resolution of the case, Carter's counsel said only "I am always interested in seeing a demand. For what it may be worth, I can tell you that we are preparing a SJ motion now." (Lemberg Decl. at ¶¶6-7). At no other time did Carter's counsel contact Purslow's counsel to discuss a potential motion for summary judgment prior to filing the Motion. (Lemberg Decl. at ¶8). This is not the good faith consultation intended by Local Rule 7.1.

Nevertheless, Carter's counsel certified that counsel "communicated with plaintiff's counsel in compliance with Local Rule 7.1" before filing Carter's Motion. (Doc. No. 7 at 2).

Carter's Motion and certification are in direct contravention of the rule, and the Motion should therefore be denied.

    **B.**    **Carter's Motion Should be Denied Pursuant to Rule 56(e)**

An affidavit submitted in support of summary judgment must be based upon *personal knowledge* of the facts to be considered for purposes of summary judgment. *See Perez v. Volvo Car Corp.*, 247 F.3d 303, 315-16 (1st Cir. 2001); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409, 414 (1st Cir. 2000); *Lopez v. Corporacion Azucarera*, 938 F.2d 1510, 1515-16 & n. 11 (1st Cir. 1991); *Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 29 (1st Cir. 1980); *City of Waukegan v. Martinovich*, 2005 WL 3465567, at *3 n. 2 (N.D.Ill., Dec.16, 2005). Fed. R. Civ. P. 56(e) requires supporting affidavits to affirmatively show that the affiant is competent to testify. Further, "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Perez*, 247 F.3d at 316.

Carter's "evidence", in the form of the Affidavit of Benson Ekstrom (Doc. No. 10), is not based on personal knowledge nor does it establish that the witness is competent to testify to the matters stated therein. Ekstrom testifies to what one person, Carter's collector/employee, said to another, Purslow. (Doc. No. 10 at ¶5). Ekstrom does not indicate that he was a party to the conversation, nor does he indicate that his testimony is based on a recording of the conversation. Ekstrom offers nothing to show that he has any knowledge whatsoever of what was said between two other persons. Ekstrom's assertions regarding the call are therefore not evidence to support summary judgment, and Carter's Motion should be denied. *See Perez*, 247 F.3d at 316 (statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant); *see also Jefferson Constr. Co. v.*

4

*United States*, 283 F.2d 265, 267 (1st Cir. 1960); *Alger v. United States,* 252 F.2d 519, 521 (5th Cir. 1958).

     **C.**     **The Court Should Defer Ruling on Carter's Motion Pursuant to Rule 56(d)**

Additionally, there has been no discovery conducted in this case and Plaintiff has not had the opportunity to discover information from Carter, Ekstrom or the individual collector. Pursuant to Fed. R. Civ. P. 56(d), if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Here, Carter's Motion is premature. It is based on unchallenged hearsay concerning what Carter's employee said (Doc. No. 10 at ¶5) and Carter's quality control procedures (Doc. No. 10 at ¶3). Plaintiff has had no opportunity to explore these issues and cannot dispute Ekstrom's testimony (both as to what his employee to him and as to the quality control procedures) without conducting discovery. Purslow therefore requests that the Court defer considering Carter's Motion until after Purslow has conducted discovery related to the Motion. When a party seeks additional discovery pursuant to Rule 56(d), that party must (1) present the motion in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will influence the outcome of the pending motion for summary judgment. *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006) (internal quotation and citation omitted).

In order to fully and properly oppose Carter's Motion, Purslow will need to conduct written discovery as well as depositions. Specifically, Purslow will need to conduct written discovery regarding Defendant's call "scripts" and any call recordings in Defendant's

5

possession. (Lemberg Decl. at ¶9). In addition, Purslow will need to depose Ekstrom and the individual collector who spoke with Purslow. (Lemberg Decl. at ¶9). Purslow believes that these witnesses possess facts necessary to support her opposition to Carter's Motion and that those facts will affect the outcome of the Motion. (Lemberg Decl. at ¶10-12); *see Reid v. State of N.H.*, 56 F.3d 332, 342 (1st Cir. 1995) (district court granted summary judgment prematurely where plaintiff made timely motion supported by affidavit describing requested discovery); *Resolution Trust Corp.*, 22 F.3d at 1203-09 (district court abused its discretion by granting summary judgment when discovery was incomplete); *Nestor Colón Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 39 (1st Cir. 1992) (vacating summary judgment where "plaintiffs set forth enough to indicate that they *may* conceivably be able to make out a triable issue") (emphasis in original).

In the event the Court does not deny Carter's Motion pursuant to Rule 56(e), Purslow therefore respectfully requests that the Court allow her to conduct discovery before she responds to Carter's Motion.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment. In the alternative, Plaintiff requests that the Court allow her to conduct discovery before responding to Carter's Motion.

Dated: October 27, 2014

                    Respectfully submitted,

                    By  /s/ *Sergei Lemberg*

                    Sergei Lemberg, Esq.
                    BBO# 650671
                    LEMBERG LAW, L.L.C.
                    1100 Summer Street, 3rd Floor
                    Stamford, CT 06905
                    Telephone: (203) 653-2250
                    Facsimile:  (203) 653-3424

E-mail: slemberg@lemberglaw.com
*Attorney for Plaintiff*

Case 1:14-cv-12991-JGD   Document 19   Filed 10/27/14   Page 7 of 8

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2014, a true and correct copy of the foregoing was served electronically by the U.S. District Court District of Massachusetts Electronic Document Filing System (ECF), which sent notice of such filing to the following parties listed below:

John J. O'Connor, Esq.
BBO #555251
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261

       /s/ *Sergei Lemberg*
      Sergei Lemberg, Esq.