UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSICA PURSLOW,<br>            Plaintiff<br><br>v.<br><br>CARTER BUSINESS SERVICE, INC., AND DOES 1-10, INCLUSIVE,<br>            Defendants | C.A. NO. 1:14-CV-12991-WGY |

**REPLY OF CARTER BUSINESS SERVICE, INC. TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT MOTION**

INTRODUCTION

The Defendant Carter Business Service, Inc. ("Carter") submits this Reply in support of its Motion for Summary Judgment.

REPLY

I.   CARTER COMPLIED WITH LOCAL RULE 7.1

The Plaintiff argues that Carter's summary judgment motion should be denied for Carter's failure to comply with Local Rule 7.1(A)(2). The Plaintiff is wrong. Carter fully complied with Local Rule 7.1(A)(2). Prior to filing its summary judgment motion, Carter's counsel informed Plaintiff's counsel in writing that he was preparing a summary judgment motion. Plaintiff's counsel thus knew that Carter was seeking summary judgment as to both counts of the complaint, but did not offer to withdraw any claims or any part of the complaint.

Even if it is assumed arguendo that Carter did not fully comply with Local Rule 7.1(A)(2), any such violation does not necessitate denial of Carter's summary judgment motion. See Laporte v. Lab. Corp. of Am. Holdings, 2014 WL 2818591, at *7 (D. Mass. Jun. 20, 2014) (quoting Maloney v. Town of Hinsdale, 2012 WL 4103909, at *2 (D. Mass. Aug. 10, 2012)).

1

Local Rule 7.1(A)(2) "is designed 'to encourage parties into narrowing the issues before bringing a dispute into court." Charter Envtl., Inc. v. Shaw Envtl., Inc., 2009 WL 2982772, at *16 (D. Mass. Sep. 14, 2009). Thus, in cases where conferral between the parties . . . would have been unlikely to resolve or narrow the issues in contention and . . . plaintiff would have opposed the motion . . . in any event, summary dismissal of the motion is inappropriate." Id.; see also Tian v. Aspen Technology, Inc., 2014 WL 5242875, *11 (D. Mass. Sept. 30, 2014) (holding that failure to confer pursuant to Local Rule 7.1 before filing summary judgment motion not grounds for motion's dismissal where conferral unlikely to have resolved or narrowed the issues, and defendant still would have opposed motion).

      Here, any further conference between Carter and Plaintiff would have been futile, and would not have resolved or narrowed the issues in contention. Carter's counsel informed Plaintiff's counsel via email that he was preparing a summary judgment motion. Plaintiff's counsel ignored this notice and took no action to narrow the issues. There is no doubt that, even if Carter further conferred with Plaintiff prior to filing its summary judgment motion, the Plaintiff would still have opposed Carter's motion. In fact, nowhere in Plaintiff's opposition does she state that a further conference would have been productive. As such, Rule 7.1 provides no basis for denying Carter's summary judgment motion.

II.      THE AFFIDAVIT OF BENSON EKSTROM CONTAINS SUFFICIENT EVIDENCE.

      The Plaintiff argues that the Court should not consider the Affidavit of Benson Ekstrom because it is not based upon personal knowledge. Again, Plaintiff is wrong. Ekstrom is Carter's President. The statements made in his Affidavit are based upon his personal knowledge and on all information and business records maintained by Carter. This is more than sufficient for summary judgment purposes. It is settled that the review of documents by a corporate president is an acceptable fashion in which to acquire personal knowledge for summary judgment

purposes.  First Nat. Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790, 793-794 (1979) (affidavit of Plaintiff's vice president based upon personal knowledge and review of Plaintiff's business records was sufficient evidence for court to consider on summary judgment); see also Lowell v. Drummond, Woodsum & MacMahon Employee Medical Plan, 2005 WL 19461, *9 n. 17 (D. Me. Jan. 5, 2005) (citing Baker v. Veneman, 256 F.Supp.2d 999, 1005 (E.D.Mo.2003) ("Mr. Arnold based his Declaration upon his review of the loan files and his experience as a Farm Loan Manager.  His statements are therefore based upon his personal knowledge and are not inadmissible hearsay."); In re Brooks Fashion Stores, Inc., No. 92 Civ. 1571(KTD), 1994 WL 132280, *4 n. 3 (S.D.N.Y. Apr. 14, 1994) ("[Brooks] contends that granting summary judgment was improper because the affidavit of … Vice President of Human Resources, is non-probative.  This argument is without merit.  Although …[his] affidavit is not based upon his physical presence at key events, his status as Vice President of Human Resources and his review of the relevant records, satisfies the personal knowledge requirement of Rule 56(e)[….]")).  See also Fed. R. Civ. P. 30(b)(6).  Just as in these cases, Ekstrom's affidavit here is more than sufficient evidence for the Court to consider when ruling on Carter's summary judgment motion.

III.     THE PLAINTIFF HAS FAILED TO CARRY HER BURDEN UNDER RULE 56(d).

The Plaintiff argues that Carter's motion is premature and that the Plaintiff must be allowed to conduct discovery before she substantively opposes Carter's motion.  The Plaintiff is not entitled to such relief; she has failed to meet her burden under Rule 56(d) of showing that discovery is necessary or will yield facts essential to her opposition.

Rule 56(d) provides that "if a party opposing a summary judgment motion "*shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain

affidavits or declarations to take discovery; or (3) issue any other appropriate order." (Emphasis added). The party seeking to invoke Rule 56(d) must set forth a plausible basis for believing that <u>specified</u> facts, susceptible of collection within a reasonable time frame, probably exist and <u>indicate how the emergent facts, if adduced, will influence the outcome</u> of the pending summary judgment motion. <u>C.B. Trucking, Inc. v. Waste Mgmt., Inc.</u>, 137 F.3d 41, 44 (1st Cir. 1998) (applying what was then Rule 56(f)); <u>see also</u> <u>Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 44 (1st Cir.1998) ("[T]he moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue"). [1]

      The Plaintiff utterly fails to set forth a plausible basis for believing that unknown, essential facts exist that would support the denial of Carter's summary judgment motion. Plaintiff's counsel's affidavit stating blandly that "I believe that Mr. Ekstrom and the individual collector possess facts necessary to support Ms. Purslow's opposition to Defendant's motion" is a completely speculative and vacuous proffer. First, the affidavit is not based on counsel's personal knowledge as to what material information Carter or Mr. Ekstom has that is discoverable -- it is just a conclusory piece of guesswork. <u>See</u> <u>Pupecki v. James Madison Corp.</u>, 376 Mass. 212, 217 N 5 (1978) (affidavit of plaintiff's attorney concerning facts surrounding sale and alleged diversion of funds was not made on his own personal knowledge); <u>Dattoli v. Hale Hosp.</u>, 400 Mass. 175, 178 (1987) (when opposing summary judgment motion, affidavit submitted by plaintiff's attorney stating that defendant hospital was not under the control and

---

[1] Rule 56(d) was formerly Rule 56(f), and "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic." <u>Nieves–Romero v. United States</u>, 715 F.3d 375, 381 n. 3 (1st Cir.2013). Therefore, case law developed under former Rule 56(f) remains controlling.

supervision of the city, and that plaintiff had not had sufficient time for discovery to determine whether defendants were covered under G.L. c. 258, was not based upon personal knowledge and did not create disputed issue of fact).

Second, significantly, counsel's affidavit fails to identify what additional discovery and facts he believes exist that would support denial of Carter's summary judgment motion or give rise to a trialworthy issue. This is fatal to the Plaintiff's Rule 56(d) request. "A 'Rule 56(f) affidavit [that] merely conjectures that something might be discovered but provides no realistic basis for believing that further discovery would disclose evidence' is insufficient to delay summary judgment." Mowbray v. Waste Mgmt. Holdings, Inc., 45 F.Supp.2d 132, 143 (D.Mass.1999). See also Rivera–Torres v. Rey–Hernández, 502 F.3d 7, 12 (1st Cir.2007) ("Speculative conclusions, unanchored in facts, are not sufficient to ground a Rule 56[d] motion."). The affidavit offered here is just a stab in the dark that is presented in an effort to buy time and ratchet up pressure on the defendant to settle rather than litigate a case seeking only a nuisance payment based on minimal statutory damages. The affidavit is not substantive. It identifies no "specified facts." It does not explain how facts will "influence the outcome." It is a sham. If the Plaintiff is given Rule 56(d) relief here based on this flimsy showing, then the acknowledged requirements of the Rule will be rendered meaningless, and anyone who wishes can file such a document and create delay and added costs in these circumstances for no good reason.

Here, the Plaintiff has failed entirely to set forth a sufficient proffer under Rule 56(d). She has made no showing as required by the Rule. Her request that the Court defer ruling on Carter's summary judgment motion and that she be allowed to conduct discovery must therefore be denied.

CONCLUSION

For all of the foregoing reasons, Defendant Carter Business Service, Inc.'s Motion for Leave to File Reply to Plaintiff's Opposition to Summary Judgment Motion should be allowed, the Plaintiff's Rule 56(d) request should be denied, and Carter's summary judgment motion should be granted.

                CARTER BUSINESS SERVICE, INC.

                By its attorneys,

                /s/ John J. O'Connor
                John J. O'Connor
                BBO #555251
                Peabody & Arnold LLP
                Federal Reserve Plaza
                600 Atlantic Avenue
                Boston, MA  02210-2261
                Tel. (617) 951-2100
                Fax. (617) 951-2125
Dated:  November 6, 2014        joconnor@peabodyarnold.com

## CERTIFICATE OF SERVICE

      I, John J. O'Connor, do hereby certify that I have, this 6th day of November, 2014, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF).

      /s/John J. O'Connor
      John J. O'Connor

832664_1
15985-98544